[624 NYS2d 270]

In the Matter of SHERYL D. ROBERTSON (Admitted as SHERYL DAMERT ROBERTSON), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 27, 1995

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was charged with two allegations of professional misconduct. The Special Referee sustained both charges. The Grievance Committee moves to confirm the findings of the Special Referee. The respondent has neither cross-moved nor interposed any papers in response to the Grievance Committee's motion to confirm.

Charge One alleged that the respondent neglected a legal matter entrusted to her. She was retained by the Reverend Samuel L. Vickers, the President of St. Mary's Holiness Baptist Church, to prosecute a civil action against The Church of God, Inc. in or about November 1987. On or about December 1, 1987, the respondent prepared and served a summons and complaint upon the defendant in the civil action. The defendant submitted an answer in or about February or March 1988. After furnishing a bill of particulars in or about February or March 1988, the respondent failed to pursue the action on behalf of her client. By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

Charge Two alleged that the respondent intentionally misrepresented to a client the status of an action purportedly being prosecuted on his behalf. Between March 1992 and April 1993, the respondent repeatedly informed her client, both orally and in writing, that the case had been settled for the sum of approximately $100,000; that a settlement check had been received; and that she was preparing to disburse the funds. In fact, the respondent knew that the case had not been settled. By reason of the foregoing, the respondent violated DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8]).

Based on the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained both charges. Although the respondent has expressed remorse and has since apologized to her client, her behavior was extremely irresponsible. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigating circumstances

advanced by the respondent, including her lack of legal experience prior to embarking on a career as a sole practitioner and the family problems engendered by her sister's drug addiction. We have also considered the respondent's prior disciplinary history, which includes an Admonition, dated May 16, 1989, for undertaking cases which she should have known that she was incompetent to handle without associating herself with more experienced counsel. The respondent received an Admonition, dated April 20, 1994, for failing to make a court appearance on behalf of a client and for failing to advise either the client or the court that she would not be appearing. Additionally, the respondent was issued a Letter of Caution, dated May 2, 1989, for failing to maintain her Office of Court Administration registration, and a Dismissal with Advisement, dated December 17, 1992, for failing to handle cases as expeditiously as possible and for failing to file retainer and closing statements.

In view of the pattern of neglect and misrepresentation which the respondent has established, she is suspended from the practice of law for a period of three years.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Sheryl D. Robertson, is suspended from the practice of law for a period of three years, commencing April 27, 1995, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the three-year period, upon furnishing satisfactory proof (a) that during that period she refrained from practicing or attempting to practice law, (b) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Sheryl D. Robertson, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice,

board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding herself out in any way as an attorney and counselor-at-law.